IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, #264 274, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-827-WHA-SRW |
| ) | [WO] |
| OFFICER J. ELLIS, ) | |
| ) | |
| Defendant. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff John Kister, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, files this 42 U.S.C. § 1983 action against Officer J. Ellis. He complains that on September 2, 2020, Office Ellis subjected him to mistreatment, for which he seeks $13,000 in damages. Doc. 1. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### **I. STANDARD OF REVIEW**

Because Kister is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

---

[1] The court granted Kister's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a

successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.     THE COMPLAINT

On September 2, 2020, Kister left his dorm—Dorm H1—in the residential treatment unit at Bullock to put a mental health request form in the mailbox. Observing him in the hallway, Officer Ellis asked Kister why he was not in his dorm. Following Kister's explanation for his presence on the hallway, Office Ellis allegedly pushed Kister, told him he had to go to Dorm H4 as punishment, and said, "I hope they do something to you." Kister believed that Officer Ellis' use of the word "they" was a reference to the prisoners in Dorm H4, which caused him to feel threatened by the guard's purported hope that he be harmed by other inmates. Kister complains that Officer Ellis' conduct made him feel punished for his symptoms of mental illness and his wish to see his counselor. Kister contends that he does not deserve to be treated in such manner by a correctional officer. Doc. 1 at 4.

## III.    DISCUSSION

### A.    Verbal Abuse

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived Kister of rights, privileges or immunities secured by the Constitution, and the deprivation must have been committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *See Hernandez v. Fla. Dep't of Corr.*, 281 Fed. Appx. 862, 866 (11th Cir. 2008) (holding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (holding that mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x. 87, 92 (3d Cir. 2006) (holding that "allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding that "acts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (unpubl.) (affirming district court's summary dismissal of inmate's complaint for failure to state a claim because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (explaining that verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (holding that mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry...."); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (holding that verbal abuse alone does not violate the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (holding that "alleged verbal threats by jail officials . . . did not

rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (observing that Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (holding that mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding that verbal abuse, including threat of harm, not actionable under § 1983).

Here, Kister fails to state a cognizable claim regarding Officer Ellis' use of threatening, abusive, or intimidating language. This claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Eighth Amendment Claim

To the extent that Kister seeks to assert an Eighth Amendment excessive force claim regarding his contention that Officer Ellis pushed him, this claim is without merit. Kister's complaint fails to allege that Officer Ellis' action was more than a minimal physical contact or that he suffered any injury from the conduct about which he complains. Although the lack of serious injury does not preclude an Eighth Amendment claim, the extent of injury suffered is one factor to be considered in determining whether the use of force was wanton and unnecessary. *Hudson v. McMillian*, 503 U.S.1 (1992). *De minimis* uses of physical force do not implicate the Eighth Amendment's prohibition against cruel and unusual punishment.

> "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided the use of that force is not of a sort repugnant to the conscience of mankind."

*Hudson*, 503 U.S. at 9-10 (internal quotation marks and parenthesis omitted).

While the conduct about which Kister complains, as he describes it, was unnecessary and unprofessional, nothing before the court shows that it rose above the level of *de minimis* use of physical force or that the type of force used was "of a sort repugnant to the conscience of mankind." Again, minor amounts of force, even if applied unnecessarily, do not rise to the level of a

constitutional claim. *See Johnson v. Moody*, 206 F. App'x. 880, 885 (11th Cir. 2006). This is especially true where, as here, Kister does not allege any injury from the challenged conduct. Taking all of Kister's allegations as true, he still has only established a *de minimis* use of force without injury which does not offend the Eighth Amendment.

In light of the foregoing, Kister's Eighth Amendment claim against Officer Ellis is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

**On or before January 5, 2021**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this the 21st day of December, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge